UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

_____Division

## CIVIL RIGHTS COMPLAINT FORM

_Marquise D Ponder_

CASE NUMBER:_____
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison
number, if applicable)

v.   State of Florida
      and
      central Florida
      and
      Asst. warden Robinson
      and
      cPt. Davila

(Enter full name of each Defendant. If
additional space is required, use the blank
area directly to the right).

_____/

## ANSWER ALL OF THE FOLLOWING QUESTIONS:

I.   PLACE OF PRESENT CONFINEMENT: _Marquise_ central Florida Reception
                                    (Indicate the name and location)
     _7000 HC Kelley Rd Orlando, FL 32831_

II.  DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN
     THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

     [If your answer is YES, after reviewing the exhaustion requirements, answer the following
     questions]

DC 225 (Rev. 9/03)                        1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1.  Informal Grievance (Form DC3-005)
2.  Formal Grievance (Form DC1-303)
3.  Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.  Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1.  Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes ( ✓ ) No ( )

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

3.  Were you denied emergency status? Yes ( ) No ( )  Not Sure

    a.  If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( / ) No ( )

    b.  If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.  Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ✓ ) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C.    Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No ( ✓ )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ✓ ) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D.    Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)?
Yes ( ✓ ) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___9th___ day of ____Jan_____, 2 __026__.


_____Marquise D Fowler_____
Signature of Plaintiff

III.    DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY? Yes (/) No ( )

If your answer is YES, answer the following questions.

A.  Is there a grievance procedure at your institution or jail?  Yes (/) No ( )

B.  Did you present the facts relating to your Complaint in the grievance procedure?  Yes ( ) No ( )

C.  If your answer is YES:

1.  What steps did you take? _I wrote it out to the Warden Asst all my grievances due State I didn't feel they was fix_

2.  What were the results? _Nothing no reply from the Admin_

_____

3.  To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D.  If your answer is NO, explain why not: _C F D C Kelp all those_

_____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this ___9th___ day of ___Jan_____, 2 __026__.

_____
Signature of Plaintiff

IV.    PREVIOUS LAWSUITS:

A.    Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

B.    Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

C.    If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1.    Parties to previous lawsuit:

Plaintiff(s): _____

_____

Defendant(s): _____

_____

2.    Court (if federal court, name the district; if state court, name the county):

_____

3.    Docket Number: _____

4.    Name of judge: _____

5.    Briefly describe the facts and basis of the lawsuit: _____

_____

_____

6.    Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):

_____

_____

7.    Approximate filing date: _____

8.    Approximate disposition date: _____

D.    Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

_____

_____

_____

_____

V.   PARTIES:  In part A of this section, indicate your <u>full name</u> in the first blank and your full mailing address in the second blank.  Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.   Name of Plaintiff: _Marquise D Ponder J81400_

Mailing address: _7000 HC Kelley Rd_

_Orlando, FL 32871_

B.   Additional Plaintiffs: _____

_____

_____

In part C of this section, indicate the <u>full name</u> of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C.   Defendant: _State of Florida_

Mailing Address: _N/A_

Position: _N/A_

Employed at: _State of Florida_

D.   Defendant: _Central Florida Reception Center_

Mailing Address: _7000 HC Kelley Rd_

_Orlando, FL 32831_

Position: _N/A_

Employed at: _FDOC_

E.  Defendant: _Asst. Warden Robinson_

Mailing Address: _Center Florida Reception Center_

_7000 HC Kelley Rd Orlando, FL 32831_

Position: _Asst. Warden_

Employed at: _Central Florida Reception Center_

F.  Defendant: _Cpt. Davila_

Mailing Address: _7000 HC. Kelley Rd_

_Orlando, FL 32831_

Position: _Cpt_

Employed at: _Central Florida Reception Center_

G.  Defendant: _7000 HC Kelley Rd_

Mailing Address: _Orlando, FL 32831_

Position: _____

Employed at: _____

VI. <u>STATEMENT OF CLAIM:</u> State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

All named defendents are responsible for bed not being 6ft apart. defendent cpt, Davuldw, falsa fide a disiplinary report on a inmate who had Coduict for a week. Meanwhile the plaintiff was forced to have to sleep in the cell with the inmate who had gave me covid19 too. All Defendent did not do a covid19 test at all when I was release out the box they put me in GP increassing the risk of infecting others. CERC/FDOC also threw me in a GP dorm again with other white male hoped either that prisonor had something to couse me to continue being sick.

VII. <u>STATEMENT OF FACTS:</u> State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)). It a fact that while in confinment the leo's never gave me anything to keep cell clean. It's a fact the cell I am currently in should not be less then 6ft. It a fact that two inmates cannot sleep less then 6ft apart as long as we're in a two man cell. It's a pact that beds shouldn't close to a talk 18 improper sanitation CERC/FDOC bed living condition don't meet the standard for a prison to be properly running.

Statement of Facts, continued:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

DC 225 (Rev. 9/03)

9

VIII.   RELIEF REQUESTED:   State briefly what you want the Court to do for you. Again, do not
make any legal arguments or cite any cases or statutes. I am suing in the amount
of 986.8 million this include 70% tax and 98% intrest fee's.
I seek decolator and permanate injuntion to be sent to
CFRC Asst. Warden Robinson and CPt Dovilai to not engage
in contacts with me and to remain 500ft at all times
Also a gag order in Pleace. I ask for 93% wage garnish
to be applied pleasc today it can start. I seek leinhold
on all there asset now and to take anything that can be use
for the settlement. This claim if due to be paid by all
name ffendent's each by 04-20-33

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND
CORRECT.

Signed this ___94L___ day of ___Jan_____ , 2 _0 26_ .

_____Marquise Ponder_____

_____

_____

_____
(Signatures of all Plaintiffs)